## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO MITCHELL, an individual | Case No. 2:12-cv-14854-BAF-MJH |
|     Plaintiff, | Judge: Hon. Bernard A. Friedman |
|       v. | Magistrate: Hon. Michael J. Hluchaniuk |
| MIDWAY INTERNATIONAL, INC., a California Corporation et al, | |
|     Defendants | |

## MOTION TO DISMISS AND TO ENFORCE SETTLEMENT AGREEMENT, OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant Midway International, Inc. ("Midway"), by its undersigned counsel, hereby moves that this Court dismiss this action filed by Plaintiff Antonio Mitchell ("Plaintiff"). Midway seeks dismissal pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

Alternatively, Midway seeks transfer of this case, pursuant to 28 U.S.C. § 1404(a), to the U.S. District Court for the Central District of California because venue is highly inconvenient in this District.

In support of this motion, Midway relies on the legal authorities listed below, as well as the statement of facts and argument set forth in the accompanying memorandum and its exhibits.

Also, as required by L.R. 7.1(a), counsel for Midway has spoken with Plaintiff to discuss the motion and to ascertain whether he intends to oppose this motion. Plaintiff has indicated that he would oppose the motion.

1

8636758.1 41118/158299

Respectfully submitted this 26th day of November, 2012.

/s/ Matthew W. Heron
Matthew W. Heron (P61501)
CLARK HILL PLC
500 Woodward Ave., Suite 3500
Detroit, Michigan 48226
Email: mheron@clarkhill.com
Phone: (313) 965-8361
Fax: (313) 965-8252

*Counsel for Defendant*,
*Midway International, Inc.*

2

## STATEMENT OF ISSUES PRESENTED

Defendant Midway International, Inc. ("Midway") moves this Court to dismiss or transfer this action filed by Plaintiff Antonio Mitchell ("Plaintiff") on the following grounds:

1.      **Failure to State a Claim under FED. R. CIV. P. 12(b)(6),**—Even accepting as true Plaintiff's allegation that the relevant marks "could be possibly be confused," Plaintiff failed to state a claim for trademark infringement under the relevant, and higher, standard of likely confusion.

2.      **There is No Actual Case or Controversy under FED. R. CIV. P. 12(b)(1),**— Plaintiff's claims are moot for the following reasons:

      a.      Prior to the filing of any litigation, the parties had entered into an oral agreement whereby there was an offer by Midway and an acceptance by Plaintiff, and the parties had agreed to the material terms of settlement of their respective claims.

      b.      Both Midway and Glynn Jackson Productions, LLC ("GJP") have ceased all use of the phrase HAIR BOSS in connection with events such as the single stylist competition event in Atlanta, Georgia in August 2012 where HAIR BOSS had been used, including ceasing all use on promotional materials and on their websites, and neither Midway nor GJP has any intention of resuming such use.

3.      **Improper Service under FED. R. CIV. P. 12(b)(5),**—Plaintiff failed to properly serve Midway with Plaintiff's original complaint, pursuant to Rule 4(h), FED. R. CIV. P.

4.      **Venue is Inconvenient Pursuant to 28 U.S.C. § 1404(a)**—Alternatively, Midway moves that this Court transfer this action, pursuant to 28 U.S.C. § 1404(a), to the U.S. District Court for the Central District of California because venue in this District is highly inconvenient.

8636758.1 41118/158299

## LEGAL AUTHORITY SUPPORTING MOTION

**Case Law**
- *AA Autoland Corp. v. Empire Fire & Marine Ins. Co.*, 2009 WL 3646523 (E.D. Mich. Nov. 2, 2009)
- *Aulenback, Inc. v. Federal Highway Admin.*, 103 F.3d 156, 161-163 (D.C. Cir. 1997)
- *Austin v. Penn. Dep't of Corr.*, 876 F. Supp. 1437 (E.D. Pa. 1995)
- *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)
- *Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 449 (6th Cir. 2007)
- *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996)
- *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L.Ed.2d 642 (1979)
- *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir.1997)
- *Dill v. Berquist Constr. Co.*, 24 Cal.App.4th 1426, 1435, 29 Cal.Rptr.2d 746 (1994)
- *Express Travel Related Servs. Co., Inc. v. MasterCard Int'l Inc.*, 776 F. Supp. 787, 789 (S.D.N.Y. 1991)
- *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994)
- *Frink Am., Inc. v. Champion Rd. Mach. Ltd.*, 48 F. Supp. 2d 198, 213 (N.D.N.Y. 1999)
- *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125 (9th Cir. 2005)
- *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 611 (6th Cir. 2009)
- *In re TFT-LCD (Flat Panel)*, 2009 WL 4874872 (N.D. Cal. Oct. 6, 2009)
- *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994)
- *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)
- *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999)
- *Lucaj v. Dedvukaj*, 749 F. Supp. 2d 601, 608 (E.D. Mich. 2010)
- *Malletier v. Pierce*, 2008 WL 4330455 (E.D. Cal. Sept. 19, 2008)
- *MCNIC Oil & Gas Co. v. IBEX Resources Co.*, 23 F. Supp. 2d 729, 737 (E.D. Mich. 1998).
- *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)
- *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir.2001)
- *State Farm Fire and Casualty Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2007 WL 127909 (E.D. Mich. Jan. 11, 2007)
- *United States v. BASF-Inmont Corp.*, 819 F. Supp. 601 (E.D. Mich. 1993)
- *Warrior Lacrosse, Inc. v. Brine, Inc.*, 2006 WL 763190 (E.D. Mich. Mar. 8, 2006)

**Federal Statutes**
- 28 U.S.C. § 1404(a)

**State Statutes / Rules**
- Cal. Code Civ. P. § 416.40
- Cal. Code Civ. P. § 415.30
- Mich. Ct. Rules § 2.105(D)

8636758.1 41118/158299

## LEGAL AUTHORITY SUPPORTING MOTION (CONTINUED)

**Federal Rules of Civil Procedure**

- ➢ **FED. R. CIV. P.** 12(b)(1)
- ➢ **FED. R. CIV. P.** 12(b)(2)
- ➢ **FED. R. CIV. P.** 12(b)(6)
- ➢ **FED. R. CIV. P.** 4(h)(1)
- ➢ **FED. R. CIV. P.** 4(e)(1)

**Secondary Sources**

- ➢ 13B FED. PRAC. & PROC. JURIS. § 3533.2 (3d ed.)
- ➢ 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:3 (4th ed.)

5

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO MITCHELL, an individual | Case No. 2:12-cv-14854-BAF-MJH |
| Plaintiff, | Judge: Hon. Bernard A. Friedman |
| v. | Magistrate: Hon. Michael J. Hluchaniuk |
| MIDWAY INTERNATIONAL, INC., a California Corporation; et al, | |
| Defendants | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND TO ENFORCE SETTLEMENT AGREEMENT, OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant Midway International, Inc. ("Midway") respectfully submits this

memorandum of law in support of its motion to dismiss this action with prejudice, pursuant to

Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, or in the

alternative, to transfer this case to the U.S. District Court for the Central District of California,

pursuant to 28 U.S.C. § 1404(a).

### I.      Introduction

Plaintiff never should have filed this action for numerous reasons, not the least of which is

Midway's prior rights in its famous BOSS-based mark, namely BOBBI BOSS.  Plaintiff bases his

claims on his later adoption, use, and registration of a BOSS-based mark, namely HAIRBOSS

MAGAZINE.  Midway's and Glynn Jackson Production LLC's uses of the generic word HAIR with

Midway's already famous BOSS-based mark, and their event to crown a HAIR BOSS, is not an

infringement of Plaintiff's rights, which are only and specifically in use for a magazine and only and

specifically in the full phrase HAIRBOSS MAGAZINE (not in HAIR BOSS, nor just HAIRBOSS).

1

When Plaintiff's manner of use of a BOSS-based mark came to Midway's attention, due to Plaintiff's complaints, it appeared to Midway that such use arguably infringed Midway's prior rights, prompting discussions between the parties. Those discussions, along with further investigation, provided both parties with information about each other's use and plans for future use.

The limited nature of Plaintiff's use of HAIRBOSS MAGAZINE for a Detroit or Michigan only, free to the public, sporadically published advertising magazine drew into question whether it made economic sense for Midway to pursue any claims against Plaintiff with respect to that magazine. In any event, the parties' respective claims were mooted when the parties orally agreed on settlement, as discussed below, before any litigation was filed.

This Court need not decide at this stage (or ever) which party infringed the other's rights. Instead, there are a number of substantive and procedural defects in Plaintiff's initiation of this suit, which should result in its immediate dismissal. First, Plaintiff fails to state a claim for trademark infringement under the relevant standard, namely likelihood of confusion. Second, Plaintiff's claims are moot because he previously orally agreed to settle any claims that he had and all material terms were orally agreed to in connection with that settlement. Third, Plaintiff's claims, particularly his offensive claims for injunctive relief and prospective damages, also are moot because Defendants have ceased all use of the phrase HAIR BOSS in connection with any further events, which is what Plaintiff is complaining about, and Defendants have no intent to resume such use. Fourth, upon filing this action, Plaintiff failed to properly serve Defendants. For these reasons, Midway respectfully requests that the Court dismiss Plaintiff's claims with prejudice.

Finally, even if this Court determines that any aspect of this case should proceed, venue in this District is highly inconvenient for the parties and their witnesses. Therefore, in the alternative, Midway requests that this case be transferred to the U.S. District Court for the Central District of California.

2

## II.     Facts

For purposes of this motion only, Midway accepts the allegations in Plaintiff's complaint as true, and supplements those allegations only with the facts necessary for this Court to decide the issues in this motion regarding settlement, mootness, improper service, and inconvenient venue.

### a.  Background Facts

Midway is one of the leading hair products distributors in the world.  Declaration of Jason Park ("Park Dec.") ¶ 2; **Exhibit 1**.  Midway is a California corporation, with its main offices and facilities in Cerritos, California.  *Id.*  ¶ 3.  Midway owns the famous and longstanding BOBBI BOSS brand, including a federal trademark registration (Reg. No. 3361498) for the following mark (*id.* ¶ 4):



Midway typically uses BOBBI in white and BOSS in red, when stylized, which helps to bring attention to each element of the mark, in the manner shown below (*id.* ¶ 5):



### b.  Defendants' Charitable Community Event

Midway and Glynn Jackson Productions, LLC ("GJP") teamed up to produce the 2012 Hair Boss Bobbi Boss Live On Stage Competition in Atlanta, Georgia (the "Competition") to help find the Stylist of the Year, and the winner of the event was to be crowned a "Hair Boss."  *Id.* ¶ 6; Declaration of Glynn Jackson ("Jackson Dec.") ¶ 2; **Exhibit 2**.  The Competition using the term HAIR BOSS was a single charitable event that occurred in Atlanta, Georgia in August 2012, with the goal of giving back to the community.  Park Dec. ¶ 7.  Midway and GJP sold no products at or

3

in connection with the Competition and earned no profits from the event.  *Id.* ¶ 8; Jackson Dec. ¶ 2.

This was merely a competition event, and it did not involve any use of HAIR BOSS as the name of

a magazine or other publication.  Park Dec. ¶ 8.  The winner of the Competition was to be named a

HAIR BOSS, which provided a tie-in to Midway's famous BOBBI BOSS brand.  *Id.* ¶ 9.

   In promoting and producing the Competition, Midway and GJP used the words HAIR and

BOSS together as part of a bigger mark only with or in close proximity to Midway's famous and

federally registered BOBBI BOSS® (& design) mark.  *Id.* ¶ 10.  The most prominent use of HAIR

and BOSS displayed HAIR in the same color as the adjoining presentation of the BOBBI BOSS

logo, with the word BOSS appearing larger and in a much thicker typeset, and with an eye-catching

and colored use of Midway's longstanding federally registered mark BOBBI BOSS® (& design)

interwoven right into the center of BOSS, as shown in the examples below (*id.* ¶ 11):

 

   **c.   Facts Relevant to Settlement of the Parties' Claims**

   Midway had never heard of Plaintiff or his new HAIRBOSS MAGAZINE prior to

September 4, 2012, when Plaintiff first contacted a Midway sales person.  *Id.* ¶¶ 12-13.  At that time,

Plaintiff identified himself as the owner of a HAIRBOSS MAGAZINE and asked to discuss Midway and GJP's use of the phrase HAIR BOSS in connection with the Competition.  *Id.*

On October 9, 2012, Counsel for Midway wrote a letter to Plaintiff, providing notice of Midway's prior rights in its famous federally registered, BOSS-based mark, namely BOBBI BOSS.  Declaration of Glenn Bacal ("Bacal Dec.") ¶ 4; **Exhibit 3**.  BOBBI BOSS® (& design) is the **only** federally registered mark in International Class 26 that includes the term BOSS and that specifically covers hair products.  *Id.* ¶ 5.

Midway has sold its BOBBI BOSS hair products and used its BOSS based mark since at least as early as 2006, well before Plaintiff's claimed first use of HAIRBOSS MAGAZINE.  Park Dec. ¶ 14.  As BOBBI BOSS is used with HAIR products, naturally Midway has used BOSS in close proximity to the generic term HAIR, and with the white and red combination, including, for example, in the manner shown below (*id.* ¶ 15):

 

In contacting Plaintiff on October 9, 2012, counsel for Midway noted that the Plaintiff's presentation for HAIRBOSS Magazine had used a white and red presentation, as shown below, which looked suspiciously like the white and red presentations used previously and ordinarily by Midway for BOBBI BOSS, such as the ones shown above (Bacal Dec. ¶ 6):



Plaintiff and counsel for Midway then exchanged a series of telephone calls and emails to discuss amicable settlement of any claims that the parties might have against each other.  *Id.* ¶ 7.

The parties eventually reached settlement on terms that included a confidentiality provision (as is usual in many resolutions of trademark disputes). *Id.* ¶ 9. Plaintiff confirmed his acceptance of the material terms of settlement during a telephone conversation with counsel for Midway on October 30, 2012. *Id.* ¶ 10. During that same phone call, Plaintiff indicated that there were only minor "kinks" to work out with respect to the non-material terms of settlement, which the parties would document. *Id.* The next day, on October 31, 2012, Plaintiff sent a letter to counsel for Midway indicating that he had changed his mind and proceeded to file this action. *Id.* ¶ 11. Still, Plaintiff's earlier acceptance of settlement terms should be binding on Plaintiff here.[1]

Contemporaneous with the filing of the instant Motion, Midway has also filed a Motion to Seal which proposes to provide to the Court certain documents, including emails exchanged between counsel for Midway and Plaintiff, which culminated in an oral agreement whereby Plaintiff accepted the proposed terms of settlement, *before* Plaintiff filed this action. Those terms included a strict confidentiality provision. These documents accurately reflect the parties' settlement and support Midway's request that the Court enforce the parties' previously reached oral settlement, including a confidentiality term, and thereby dismiss Plaintiff's claims as moot. *Id.* ¶ 9. These documents are being submitted under seal because their public disclosure could result in substantial harm and prejudice to the parties.

### d. Facts Relevant to Cessation of Use and Mootness

Defendants used the phrase HAIR BOSS (a) only in connection with a single non-profit community event to begin to try to find and crown a HAIR BOSS stylist, which occurred in Atlanta, Georgia in August 2012 and in some follow up to that event; and (b) only with or in close proximity to Midway's famous and federally registered BOBBI BOSS® (& design) mark. Park Dec. ¶¶ 8-11.

---

[1] Plaintiff's bringing of this suit is a material breach of the parties' settlement agreement, but that breach is not before this court.

6

As of November 20, 2012, Midway and GJP had each ceased <u>all</u> use of HAIR BOSS in connection with any further competition events, including on any promotional materials and on their own websites.  *Id.* ¶ 17; Jackson Dec. ¶ 5.  This was done without acknowledging that Plaintiff's claims have any merit whatsoever.  Park Dec. ¶ 17.  Such cessation of use also was consistent with indications previously provided to Plaintiff that Midway was not even sure it would be continuing with use of HAIR BOSS for the Competition, given that Midway had discovered that there were apparently numerous other parties (senior to Plaintiff's use of HAIRBOSS MAGAZINE, but junior to Midway's use of BOBBI BOSS) also using HAIR BOSS.  *Id.*; Bacal Dec. ¶ 7.

A federal application that had been filed by GJP for registration of HAIR BOSS, and that had been filed without Midway's knowledge or consent, has since been expressly abandoned at the U.S. Patent and Trademark Office.  Park Dec. ¶ 16; Jackson Dec. ¶¶ 3-4.  Midway had asked GJP to abandon that application prior to the parties' settlement and Plaintiff filing suit.  Jackson Dec. ¶ 4.

While Midway of course will continue to use its longstanding and famous BOBBI BOSS® (& design) mark and its other marks, the stylist who would have been crowned as a  HAIR BOSS, will now simply be named STYLIST OF THE YEAR.  Park Dec. ¶ 18.  In making the change, Midway sought to avoid having any further disruption of future community events, and most significantly to avoid having the deserving stylist who will be named Stylist of the Year, be subject to what Midway believes would be likely, additional, equally meritless claims by Plaintiff if and when that deserving stylist had been named a HAIR BOSS.  *Id.* ¶ 19.  Below is how the new and revised advertising appears for the culmination of the Competition scheduled for December 2012 (*id.* ¶ 20):

<div align="center">7</div>



Neither Midway nor GJP have any intention of resuming use of the particular phrase HAIR BOSS for the Competition, or crowning anyone as a HAIR BOSS in connection with any further events. *Id.* ¶ 21; Jackson Dec. ¶ 6.

### e.  Facts Relevant to Improper Service

Plaintiff filed this action on October 31, 2012. *See* Dkt. 1. On November, 1, 2012, Plaintiff purportedly sent a copy of the summons and the complaint to Defendants and to counsel for Midway via certified mail. *See* Dkt. 2-4. On that same day, Plaintiff also filed proofs of service based solely on the fact that Plaintiff had mailed out the summons and complaint. *Id.*

A copy of the summons and complaint arrived at Midway on November 5, 2012, despite the fact that the package was sent to Midway's old address. Park Dec. ¶ 22. Also, the package was not addressed to any particular individual within Midway or to its statutory agent. *Id.* Counsel for Midway also received a copy of the summons and the complaint. Bacal Dec. ¶ 12. On November 5, 2012, Plaintiff filed an amended complaint (Dkt. 6), but he did not serve that complaint on Midway. Park Dec. ¶ 23. Rather, Plaintiff merely sent an unsigned copy of the amended complaint to

8

Midway's counsel via certified mail.  Bacal Dec. ¶ 13.  None of the documents sent by Plaintiff included a waiver of service or other similar form.  *Id.* ¶¶ 12-13; Park Dec. ¶ 22.

### f.   Additional Facts Relevant to Inconvenient Venue

None of the parties or relevant witnesses involved with the 2012 Hair Boss Live On Stage Competition resides in Michigan.  Park Dec. ¶ 24; Jackson Dec. ¶ 7.  Neither Midway nor GJP has any offices in Michigan.  Park Dec. ¶ 25; Jackson Dec. ¶ 8.  Neither Midway nor GJP has any employees in Michigan.  *Id.*  None of the relevant documents or evidence pertaining to the Atlanta based 2012 Hair Boss Live On Stage Competition is located in Michigan.  Park Dec. ¶ 26; Jackson Dec. ¶ 9.  Instead, much of the relevant documents and evidence as well as the key witnesses are located primarily in California.  Park Dec ¶¶24 and 26.  Counsel for Midway is located in Scottsdale, Arizona.  Bacal Dec. ¶ 1.

### III.   <u>Argument</u>

#### a.   This Action Should Be Dismissed under FED. R. CIV. P. 12(b)(6), Because Plaintiff's Original and Amended Complaints Fail to State a Claim.

"[T]o survive a motion to dismiss [under Rule 12(b)(6)], the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level, and to state a claim to relief that is plausible on its face."  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 611 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).  This Court should dismiss this action because both Plaintiff's original complaint and his amended complaint fail to state a claim for trademark infringement under the relevant standard.  "The touchstone of liability [for trademark infringement] is whether the defendant's use of the disputed mark is *likely to cause confusion* among consumers regarding the origin of the goods offered by the parties."  *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir.1997) (emphasis added).

9

Here, in Plaintiff's original complaint and his amended complaint, he alleges merely that the relevant marks "could possibly be confused." Dkt. 1, p. 2; Dkt. 2 ¶ 6. That allegation fails. As noted in the leading treatise, "[l]ikelihood of confusion is synonymous with *probable* confusion—it is not sufficient if confusion is merely *possible*." 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:3 (4th ed.) (emphasis added). Because Plaintiff alleges *possible* confusion rather than *likely* confusion, Plaintiff fails to state a claim for trademark infringement. *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 611 (6th Cir. 2009) (affirming dismissal of trademark infringement claim under Rule 12(b)(6) because complaint did not make a facially plausible showing of likelihood of confusion). Thus, this Court should dismiss this action for failure to state a claim.

### b.   This Action Should Be Dismissed Under FED. R. CIV. P. 12(b)(1) Because There Is No Actual Case or Controversy and Plaintiff's Claims Are Moot.

This Court also should dismiss this action under FED. R. CIV. P. 12(b)(1) because there is no longer any actual case or controversy. "Even if Congress has provided subject matter jurisdiction by statute, if a plaintiff's claims are moot, the Court also lacks jurisdiction to decide the case." *Lucaj v. Dedvukaj*, 749 F. Supp. 2d 601, 608 (E.D. Mich. 2010). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L.Ed.2d 642 (1979)). Here, Plaintiff's claims are moot for at least two reasons: (1) the parties entered into an oral settlement agreement whereby they agreed to the material terms necessary to settle their respective claims; and (2) both Midway and GJP have ceased all use of HAIR BOSS in connection with the competition event and have no intention of resuming such use.

### i.      This Court Should Enforce the Parties' Settlement Agreement.

"A settlement of all claims among all parties also removes the necessary element of adversariness and moots the action." 13B FED. PRAC. & PROC. JURIS. § 3533.2 (3d ed.). "When

10

parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement." *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001). "The fact that the parties have yet to reduce their agreement to writing is no bar to enforcement." *Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 449 (6th Cir. 2007).

As outlined above, Plaintiff orally agreed to settle any claims and the parties had agreed on all material terms of the settlement. After the point where the parties had reached an agreement and were simply discussing minor "kinks" (in Plaintiff's words), Plaintiff suddenly changed his mind and filed suit, now seeking $175,000 in unidentified damages. Plaintiff's change of heart and decision to file suit does not prevent dismissal of this suit on mootness grounds. *See AA Autoland Corp. v. Empire Fire & Marine Ins. Co.*, 2009 WL 3646523; 2009 U.S. Dist. LEXIS 101886 (E.D. Mich. Nov. 2, 2009) ("The Court may also enforce a settlement agreement between parties even after a unilateral change of mind.") (citing cases); **Exhibit 4**.

Finally, public policy favors recognition of the parties' voluntary settlement in order to reduce costs and preserve valuable judicial resources. *See Austin v. Penn. Dep't of Corr.*, 876 F. Supp. 1437, 1455 (E.D. Pa. 1995) ("[T]here is a general policy in favor of encouraging settlements because such a resolution conserves judicial resources and minimizes litigation expenses."); *United States v. BASF-Inmont Corp.*, 819 F. Supp. 601, 611 (E.D. Mich. 1993) ("[S]ettlement also furthers the public policy favoring voluntary settlement without expensive litigation."); *Warrior Lacrosse, Inc. v. Brine, Inc.*, 2006 WL 763190 (E.D. Mich. Mar. 8, 2006) ("[T]he earlier that the settlement occurs during the litigation, the greater the degree of judicial economy that results.").

Because Plaintiff agreed to the material terms of settlement, his claims are now moot. Accordingly, this Court should dismiss this action and order that such settlement be enforced. *See Aulenback, Inc. v. Federal Highway Admin.*, 103 F.3d 156, 161-163 (D.C. Cir. 1997) (settlement

11

mootness was mixed with ripeness concerns in concluding that the past controversy had

disappeared by settlement and that future injury remained too remote to defeat mootness).

  **ii.**  **Defendants' Cessation of Use Moots Plaintiff's Claim.**

   Plaintiff's claims also are moot because both Midway and GJP have ceased the objected to

use of HAIR BOSS in connection with the hair competition events, and have no intention of

resuming such use.  *See Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125 (9th Cir. 2005)

(holding that action was mooted and that there was no longer any case or controversy where party

accused of infringement had permanently ceased the allegedly infringing activity); *see also Frink*

*Am., Inc. v. Champion Rd. Mach. Ltd.*, 48 F. Supp. 2d 198, 213 (N.D.N.Y. 1999) (dismissing claim

as moot where defendant had ceased use of plaintiff's mark) (quoting *Express Travel Related*

*Servs. Co., Inc. v. MasterCard Int'l Inc.*, 776 F. Supp. 787, 789 (S.D.N.Y.1991) ("A suit for

injunctive relief is moot when the offending conduct ceases and the court finds that there is no

reasonable expectation that it will resume.")).

   Here, Midway and GJP have ceased the activities about which Plaintiff complains, namely

the use of HAIR BOSS in connection with a community competition event, and there is no

reasonable expectation that such activities will resume.  At a minimum, Plaintiff's claims for

injunctive relief and prospective damages are moot.  Even with respect to Plaintiff's claim of

$175,000 in damages, Plaintiff fails to allege how he was damaged by Defendants' one-time

Competition at a community event to name a stylist as a HAIR BOSS or how Defendants profited

from use of the phrase HAIR BOSS in connection with the Competition Event.  Thus, Plaintiff fails

to state a claim for damages, his claims are moot, and this action should be dismissed in its entirety.

8636758.1 41118/158299

### c. This Action Should Be Dismissed under FED. R. CIV. P. 12(b)(5), because Plaintiff Failed To Properly Serve Midway.

Rule 12(b)(5) authorizes a defendant to move for dismissal due to improper service of process. "The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service. *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994).

Rule 4(h) provides two methods for service of domestic corporations. One method is "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B) (emphasis added). Alternatively, a plaintiff may serve process by following the law of the state where the district court is located or of the state where service is effected. *See* FED. R. CIV. P. 4(h)(1)(A) (referring to Rule 4(e)(1), which provides for service pursuant to state law).

Plaintiff attempted to serve Midway by sending a copy of the summons and complaint via certified mail to an incorrect address for Midway in Cerritos, California and to counsel for Midway. Such method of service is insufficient to effectuate service under (1) the method of service outlined in Rule 4(h)(1)(B), and (2) the laws and rules of both Michigan and California.

Although the Federal Rules of Civil Procedure do not explicitly define the term "delivery" under Rule 4(h)(1)(B), courts have held that Rule 4 requires personal service. *See, e.g., Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000). Because Plaintiff did not personally serve the summons and complaint on "an officer, a managing or general agent, or any other agent authorized

13

by appointment or by law to receive service of process" on behalf of Midway, Plaintiff did not properly serve Midway under Rule 4(h)(1)(B).

Plaintiff also failed to properly serve the summons and complaint under Michigan law. Under Michigan rules, service of a summons and complaint on a private corporation must be made by "(1) serving a summons and a copy of the complaint on an officer or the resident agent; or (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation." MICH. CT. RULES § 2.105(D). This Court has held that certified mailing of a summons and complaint does not constitute "service" under this rule. *See State Farm Fire and Casualty Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2007 WL 127909; 2007 U.S. Dist. LEXIS 2015 (E.D. Mich. Jan. 11, 2007); **Exhibit 5**.

Finally, service was improper under California law. Under California rules, service upon a corporation must be made by "delivering a copy of the summons and the complaint" (1) to the person designated as agent for service of process (e.g. statutory agent) or (2) to certain executive officers of the corporation. *See* CAL. CODE CIV. P. § 416.10. Service also may be accomplished on a defendant within California by mail under specific procedures outlined in CAL. CODE CIV. P. § 415.30, but only if such service also complies with CAL. CODE CIV. P. § 416.40. *See In re TFT-LCD (Flat Panel)*, 2009 WL 4874872; 2009 U.S. Dist. LEXIS 93448 (N.D. Cal. Oct. 6, 2009), **Exhibit 6**; *Malletier v. Pierce*, 2008 WL 4330455; 2008 U.S. Dist. LEXIS 79548 (E.D. Cal. Sept. 19, 2008) (citing *Dill v. Berquist Constr. Co.*, 24 Cal.App.4th 1426, 1435, 29 Cal.Rptr.2d 746 (1994)), **Exhibit 7**. Here, Plaintiff did not comply with the requirements of either section.

Thus, Plaintiff did not properly serve the complaint, and therefore, this Court should dismiss this action, or, at a minimum, quash service of process.

14

**d.   Alternatively, This Action Should Be Transferred Because Venue is Inconvenient Pursuant to 28 U.S.C. § 1404(a).**

Alternatively, Midway moves that this Court transfer this action, pursuant to 28 U.S.C. § 1404(a), to the U.S. District Court in the Central District of California because venue is highly inconvenient in the Eastern District of Michigan.

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is proper if "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994). This Court also considers the following list of non-exhaustive factors in assessing whether a transfer would serve the interest of justice and whether it would be convenient to witnesses and the parties:

(1) the convenience of witnesses;

(2) the location of relevant documents and relative ease of access to sources of proof;

(3) the convenience of the parties;

(4) the locus of the operative facts;

(5) the availability of process to compel the attendance of unwilling witnesses;

(6) the relative means of the parties;

(7) the forum's familiarity with the governing law;

(8) the weight accorded the plaintiff's choice of forum; and

(9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000). This Court considers the convenience of the witnesses to be "probably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a)." *MCNIC Oil & Gas Co. v. IBEX Resources Co.*, 23 F. Supp. 2d 729, 737 (E.D. Mich. 1998).

15

In this case, balancing the relevant factors, transferring venue to California serves the interest of justice and the convenience of the witnesses and parties far more than retaining venue in Michigan. The key parties, witnesses, and documents relevant to the Competition are primarily in California, and that is where venue should lie. The Competition, and some now completed follow up, was the single event with which Defendants used the phrase HAIR BOSS, and that event happened to occur in Atlanta, Georgia in August 2012. As of November 20, 2012 Midway had ceased all use in follow up to the August event, and had renamed the culmination of the Competition, scheduled for December 2012, as the Stylist of the Year 2012 powered by Bobbi Boss. There are no plans to use HAIR BOSS for any future competitions.

None of the parties or relevant witnesses involved with the Competition resides in Michigan, as neither Midway nor GJP have any offices or employees in Michigan. Instead, the key parties and witnesses primarily reside in California. None of the relevant documents or evidence pertaining to the Competition is in Michigan, but instead they are primarily in California. Indeed, the locus of operative facts in this case has nothing to do with Michigan (it has the most to do with California, followed perhaps by Georgia, which is where the event occurred).

Plaintiff could have chosen to bring this action in a more convenient district like California, but he did not. If Midway and GJP were forced to litigate this case in Michigan, the cost imposed on them would be substantial. It would be extremely inconvenient and expensive to have to fly lawyers and witnesses across the country to attend hearings or a trial. For these reasons, venue is highly inconvenient in this district and it should be transferred.

**IV.** **Conclusion**

Based on the foregoing, Midway respectfully requests that this Court dismiss Plaintiff's claims with prejudice or, in the alternative, transfer this case to the U.S. District Court for the Central District of California.

Respectfully submitted this 26th day of November, 2012

<div style="margin-left:50%">

/s/ Matthew W. Heron
Matthew W. Heron (P61501)
CLARK HILL PLC
500 Woodward Ave., Suite 3500
Detroit, Michigan 48226
Email: mheron@clarkhill.com
Phone: (313) 965-8361
Fax: (313) 965-8252

</div>

17

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2012, I electronically filed the foregoing Motion and Memorandum with the Clerk of the Court using the ECF system which will send notification of such filing to the individuals registered to receive electronic service in this docket.  I also have sent a copy of the foregoing Motion and Memorandum directly to Plaintiff Antonio Mitchell and Defendant Glynn Jackson Productions, LLC via email and FedEx to the following physical address and email address:

> Antonio Mitchell
> 16165 Forest
> Eastpointe, MI 48021
> Email: mike.mitchell22@yahoo.com
>
> Glynn Jackson Products, LLC
> P.O. Box 567
> Suitland, MD  20752
> Email: atntravel@yahoo.com

> /s/ Matthew W. Heron
> Matthew W. Heron (P61501)
> CLARK HILL PLC
> 500 Woodward Ave., Suite 3500
> Detroit, Michigan 48226
> Email: mheron@clarkhill.com
> Phone: (313) 965-8361
> Fax: (313) 965-8252

18

8636758.1 41118/158299