26/2012  09:58    301-725-6383              FEDEX OFFICE     0917              PAGE  01



# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANTONIO MITCHELL, an individual<br><br>Plaintiff,<br><br>v.<br><br>MIDWAY INTERNATIONAL, INC., a California Corporation; et al,<br><br>Defendants | Case No. 2:12-cv-14854-BAF-MJH<br><br>Judge: Hon. Bernard A. Friedman<br>Magistrate: Hon. Michael J. Hluchaniuk |



## DECLARATION OF GLYNN JACKSON IN SUPPORT OF MIDWAY'S MOTION TO DISMISS AND TO ENFORCE SETTLEMENT AGREEMENT, OR, IN THE ALTERNATIVE, TO TRANSFER

I, Glynn Jackson, respectfully submit this declaration, pursuant to 28 U.S.C. § 1746, in support of Defendant Midway International, Inc.'s motion to dismiss and to enforce the parties' settlement agreement, or in the alternative, to transfer this action to the U.S. District Court for the Central District of California. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify thereto.

1. I am the President and CEO of Glynn Jackson Productions, LLC ("GJP").

2. Midway International, Inc. ("Midway") and GJP teamed up to produce the 2012 Hair Boss Bobbi Boss Live On Stage Competition in Atlanta Georgia (the "Competition"). Midway and GJP sold no products at or in connection with the Competition and earned no profits from the event.

3. On September 7, 2012, GJP filed an application (Ser. No. 85722993) (the "Application") to register the mark HAIR BOSS in International Class 41 for the following services: "Providing recognition and incentives by the way of awards and contests to

1

demonstrate excellence in the field of hair, cosmetics and beauty." This Application was filed by GJP without Midway's knowledge or consent.

4. Midway had asked GJP to abandon the Application days prior to the filing of the litigation by Antonio Mitchell. On November 1, 2012, GJP expressly abandoned the Application.

5. As of November 20, 2012, GJP and I have ceased all use of HAIR BOSS in connection with any further competition events, including on any promotional materials and on our websites.

6. Neither GJP nor I have any intention of resuming use of the particular phrase HAIR BOSS for the Competition, or crowning anyone as a HAIR BOSS in connection with any future events.

7. None of the parties or relevant witnesses involved with the 2012 Hair Boss Live On Stage Competition resides in Michigan.

8. GJP has no offices or employees in Michigan.

9. None of the relevant documents or evidence pertaining to the Atlanta based 2012 Hair Boss Live On Stage Competition is located in Michigan.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: November 26, 2012

Signature: _____
Glynn Jackson

2

55052 bk205m02yh

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANTONIO MITCHELL, | ) |
| Plaintiff | ) |
| vs. | ) |
| MIDWAY INTERNATIONAL, INC. | ) Case No.: **2:12-cv-14854** |
| And | ) |
| GLYNN JACKSON | ) |
| Defendants. | ) |

## MOTION TO DISMISS

Defendant Glynn Jackson moves that this Court to dismiss this action filed by Plaintiff Antonio Mitchell. Defendant Glynn Jackson joins in the defenses raised by co-Defendant Midway International, Inc., namely pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), Fed. R. Civ. P.

Alternatively, Defendant seeks transfer of this case, pursuant to 28 U.S.C. § 1404(a), to the U.S. District Court for the Central District of California because venue is highly inconvenient in this District. This motion is in response to the Complaint filed on October 31, 2012. Co-defendant Midway International, Inc. recently informed me that an amended complaint has been filed. However, I have not received an amended complaint.

In support of this motion, Mr. Jackson relies on the accompanying memorandum.

Respectfully submitted this 26th day of November, 2012

By: _____
Glynn Jackson
**PO Box 567 Suitland, MD 20752**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ANTONIO MITCHELL, )
)
Plaintiff )
)
vs. )
) Case No.: **2:12-cv-14854**
MIDWAY INTERNATIONAL, INC. )
)
And )
)
GLENN JACKSON )
)
Defendants. )
)

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

I, the Defendant, Glynn Jackson respectfully submits this memorandum in support of my motion to dismiss this action with prejudice pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), Fed. R. Civ. P., or in the alternative, to transfer this case to the U.S. District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a).

I join co-defendant Midway International, Inc. in all arguments Midway International, Inc. has raised in its Motion to Dismiss. Additionally, I raise the defense of insufficient service of process under 12(b)(5) Fed. R. Civ. P.

I am a Maryland resident. In order for service to be proper it must comply with Maryland law. Under Maryland law, Rule 2-121 Process-Service-In personam it states that:

> "Service of process may be made within this State or, when authorized by the law of this State, outside of this State (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by

*mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery." Service by certified mail under this Rule is complete upon delivery. Service outside of the State may also be made in the manner prescribed by the court or prescribed by the foreign jurisdiction if reasonably calculated to give actual notice."*

The Plaintiff did not comply with any of the above-mentioned methods of service. In fact, the complaint was sent via US certified mail without instructions for restricted delivery. Therefore, I move to dismiss for improper service of process.

I also argue that Plaintiff's suit against my individual self is improper. All activities that Plaintiff has identified in his Complaint relating to Glynn Jackson were not done as an individual. Rather, these activities relate to alleged conduct of the corporate entity known as "GLYNN JACKSON PRODUCTIONS, INC." Therefore, I ask that the court dismiss this case in its entirety, with prejudice.

Based on the foregoing, I, Glynn Jackson, respectfully request that this Court dismiss Plaintiff's claims with prejudice or, in the alternative, transfer the case to the U.S. District Court for the Central District of California.

Respectfully submitted this 26th day of November, 2012

By: _____

Glynn Jackson

PO BOX 567

**Suitland, MD 20752**

/26/2012 09:58    301-725-6383              FEDEX OFFICE    0917                    PAGE 06

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2012, I filed the foregoing Motion and Memorandum with the Clerk of the Court, and have also sent a copy of the foregoing Motion and Memorandum directly to the following recipients via certified US mail:

Antonio Mitchell
16165 Forest
Eastpointe, MI 48021
Plaintiff

Matthew H. Heron
Clark Hill PC
500 Woodward Ave. Ste 3500
Detroit, MI 48226
Counsel for Co-Defendant Midway International, Inc.

By: _____
Glynn Jackson
PO Box 567
Suitland MD 20752